IN THE UNITED STATES DISTRICT COURT,
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Levaughn Westbrook, individually and as | : | |
| Parent and | : | |
| Natural Guardian of Minor, M.U. | : | |
| | : | |
| Plaintiffs, | : | Docket No. |
| | : | |
| Vs. | : | |
| | : | |
| Cornwall Lebanon School District, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

## **COMPLAINT**

Plaintiff by and through his undersigned attorneys, brings this Complaint against the above-named Defendants, agents, and successors in office, to safeguard his rights under the United States Constitution, State and Federal law, and in support thereof alleges the following:

## **PRELIMINARY STATEMENT**

1. M.U. is a ninth-grade student, who previously attended the Cornwall Lebanon School District (the "District" or the "Defendant").

2. M.U. is a Black student.

3.  M.U. is a student with disabilities, which includes, *inter alia*, several food allergies. The District programmed for these disabilities through a Section 504 Service Plan.

4.  The ongoing discrimination has also resulted in a diagnosis of post-traumatic stress disorder.

5.  M.U. attended the District until around March 2023, until it forced him to withdraw, due to its failure to safeguard him from racial and related discrimination and a hostile learning environment.

6.  Throughout the fall 2022, students bullied M.U. based on his race, gender, and disability status.

7.  In December 2022, the students, who bullied M.U., assaulted M.U. in the bathroom.

8.  Though M.U. and his Parent reported the racial harassment, the District refused to take steps to safeguard him from further racial discrimination and harm.

9.  Because the District failed to safeguard M.U. from the racial discrimination, he withdrew from the District  around March 2023.

10. The District's deliberate indifference is the direct and proximate cause of M.U.'s damages.

## **JURISDICTION AND VENUE**

11. This court has jurisdiction under 28 U.S.C. §1331, as the causes of action contained herein invoke federal question jurisdiction, as Plaintiff brings claims arising under federal law.

12. This court has supplemental jurisdiction over Mr. Saavedra's state claims pursuant to 28 U.S.C. § 1367.

13. Venue for this action properly lies in this Judicial District pursuant to 28 U.S.C. §1391(b) because the events that give rise to the claims in this action occurred in this District.

## **PARTIES**

**Plaintiffs:**

14. Plaintiffs, Levaughn Westbrook, individually and as Parents and Natural Guardian of Minor, M.U., (Collectively, the "Plaintiffs"), reside at 5661 3rd Street, North East Washington, D.C. 20011.

**Defendant:**

15. The Defendant Cornwall Lebanon School District (the "District" or the Defendant") is body politic and local education agency believed to be doing business at 105 E Evergreen Road, Lebanon, PA 17042

## FACTUAL ALLEGATIONS

16. Starting in October 2022, students began to bully M.U. based on his race. Students would call him "the retarded black boy," due to his disabilities.

17. During this time, the District would not accommodate M.U.'s disabilities. The District proposed that he sit by himself at the peanut-free table by himself.

18. The students would ridicule M.U. because the District sat him by himself.

19. These same students would call him a "faggot," a "bitch," and "pussy."

20. All of the students who bullied him are white.

21. Despite M.U. reporting this harassment, the District did not take adequate steps to stop it.

22. The racial and related bullying spilled into the classroom, where students called him a "monkey."

23. In early December, students repeatedly subjected him to ongoing bullying, violence, and racially-motivated harassment.

24. This included students repeatedly calling him a monkey throughout the month of December and until he withdrew around March 2023.

25. On December 5, 2022, these same students assaulted M.U. in the bathroom. One of these students shoved and smeared a handful of soap in his face. In addition, one of the students shoved M.U. 's head back so far, it injured his neck. He is now seeking medical treatment for this assault.

26. Despite the fact that this assault happened out in the open, and in front of staff, none of the staff intervened.

27. When M.U. and his parents reported the racist bullying, the District was quick to dismiss their concerns.

28. Since the attack, the District has failed to offer to develop a working safety plan and to devise a plan to remedy the racially-motivated violence and bullying.

29. As a result of the District's refusal to address the situation, students continued to subject him to racial bullying. This racist bullying, sexual harassment, and disability harassment continued unabated until he withdrew from school around March 2023.

30. Though M.U. and his Parent reported the racial harassment, the District refused to take steps to safeguard him from further racial discrimination and harm.

31. The District failed to conduct a Title IX investigation.

32. Because the District failed to safeguard M.U. from the racial discrimination, he withdrew from the District at the end of the 2022-2023 school year.

33. The District's deliberate indifference to the racial, sexual, and disability-based harassment is the direct and proximate cause of M.U.'s damages.

34. This complaint now follows.

**<u>Count 1</u>**
**DISCRIMINATION UNDER THE AMERICANS WITH DISABILITIES ACT--DENIED THE BENEFITS OF EDUCATIONAL SERVICES BY REASON OF DISABILITY**

35. Plaintiffs hereby reallege all matters set forth in the preceding paragraphs of this complaint and incorporate them herein.

36. Defendants discriminated against, and denied Plaintiff, the benefits to his program, under the Americans with Disabilities Act when:

   a. Plaintiff is a qualified individual with a disability, as set forth in the Factual Allegations.

   b. The District is believed to be a federal funds recipient.

   c. The District denied Plaintiff the benefits of his program by allowing him to be subject to disability-based harassment, as set forth in the Factual Allegations.

d.  The District was deliberately indifferent to the disability harassment when it failed to intervene.

37. The District's deliberate indifference denied M.U. access to his education as set forth in the Factual Allegations.

38. The District's deliberate indifference was the direct and proximate cause of M.U.'s damages.

39. Wherefore, the Plaintiffs pray for relief against the Defendants as hereinafter set forth in the prayer for relief.

## **Count 2**
## **DISCRIMINATION UNDER § 504 OF THE REHABILITATION ACT**

40. Plaintiffs hereby reallege all matters set forth in the preceding paragraphs of this complaint and incorporate them herein.

41. Defendants discriminated against, and denied Plaintiff, the benefits to his program, under the Rehabilitation Act when:

a.  Plaintiff is a qualified individual with a disability, as set forth in the Factual Allegations.

b.  The District is believed to be a federal funds recipient.

c.  The District denied Plaintiff the benefits of his program by allowing

him to be subject to disability-based harassment, as set forth in the

Factual Allegations.

d.  The District was deliberately indifferent to the disability harassment

when it failed to intervene.

42. The District's deliberate indifference denied M.U. access to his education, as

set forth in the Factual Allegations.

43. The District's deliberate indifference was the direct and proximate cause of

M.U.'s damages.

44. Wherefore, the Plaintiffs pray for relief against the Defendants as hereinafter

set forth in the prayer for relief.


## COUNT 3
## SEX AND GENDER DISCRIMINATION UNDER TITLE IX

45. Plaintiffs hereby reallege all matters set forth in the preceding paragraphs of

this complaint and incorporate them herein.

46. Title IX, provides that "[n]o person . . . shall, on the basis of sex, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any education program or activity receiving Federal financial assistance." 20 U.S.C. § 1681.

47. The District is a federal funds recipient.

48. At all times relevant, M.U. was a student, who is eligible to attend school in the District.

49. The District subjected M.U. to sex- and gender-based discrimination, together with a hostile learning environment based on the same, when:

   a. The District subjected M.U. to a hostile learning environment, intentional discrimination, together with deliberate indifference based on his sex and gender, as set forth in the Factual Allegations.

   b. This discriminatory treatment shocks the conscience. Furthermore, the discriminatory treatment which, to a reasonable person, was so severe, pervasive, and objectively offensive that it denied M.U. meaningful, equal educational access to his education.

   c. The District's refusal to adequately address these harms has only further compounded the injury.

50. The District's deliberate indifference to the ongoing sex- and gender-based discrimination has denied M.U. the benefits of his education. As such, the

District's conduct is the direct and proximate cause of the Plaintiff's damages.

51. Wherefore, the Plaintiffs pray for relief against the Defendants as hereinafter set forth in the prayer for relief.

## <u>COUNT 4</u>
## DISCRIMINATION UNDER THE CIVIL RIGHTS ACT OF 1964 ON THE BASIS OF RACE.

52. Plaintiffs hereby reallege all matters set forth in the preceding paragraphs of this complaint and incorporate them herein.

53. Plaintiff alleges that the Defendant violated her rights under Title VI when it discriminate against her on the basis of his race when:

    a. 42 U.S.C. 2000d, which is Title VI of the Civil Rights Act of 1964, affirms, "[n]o person in the United States shall, on the ground of race, color, or national origin, be excluded from participation in, be denied the benefits of, or be subjected to discrimination under any program or activity receiving Federal financial assistance."

    b. The District is believed to be a federal funds recipient.

    c. M.U. is a Black student.

    d.  The Defendant District subjected him to racial discrimination as set

        forth in the Factual Allegations.

    e.  The District was deliberately indifferent when it failed to address the

        reported racial harassment.

    f.  The racial harassment and deliberate indifference became so severe, it

        denied M.U. access to his education, which included him withdrawing

        from the District.

54. The Defendant's deliberate indifference to the ongoing racial discrimination

is the direct and proximate cause of the Plaintiff's harm.

55. Wherefore, the Plaintiffs pray for relief against the Defendants as hereinafter

set forth in the prayer for relief.

**COUNT 5**
**28 U.S.C. §1983 Deprivation of M.U.'s Liberty Interest**
**Under the Fourteenth Amendment**

56. Plaintiffs state and reallege all of the allegations made in the prior

paragraphs of this Complaint as if set forth in full herein.

57. The Civil Rights Acts of 1871, codified at 28 U.S.C. §1983, provides means

of redress to an individual for "the deprivation of any rights, privileges, or

immunities secured by the Constitution and laws" by an official acting

"under color of" state law.

58. A person has a vested liberty interest protected by the Fourteenth

Amendment of the United States Constitution in obtaining a free appropriate

public education. An officer or instrumentality of the state which deprives a

person of that liberty interest, even in part, violates that person's substantive

due process rights.

59. The Defendants were acting under color of law because they were employed

by the government and the decision to intervene in bullying and the

obligation to create a safety plan is within the official scope of their duties

and responsibilities.

60. Defendants knowingly and deliberately denied M.U. access to a free

appropriate public education.

61. In all of their acts and conduct causing the deprivation of Plaintiff's

constitutional rights, Defendants acted under color of state law.  In all of

their acts and conduct causing the deprivation of Plaintiff M.U.'s

constitutional rights, Defendants acted intentionally, or with deliberate

indifference to the consequences of their actions for Plaintiffs.

62. The actions of the defendants caused economic losses to Parents and took a

substantial psychic and emotional toll on M.U.

## DAMAGES

63. Plaintiffs suffered general, special, incidental, and consequential damages as

the direct and proximate result of the acts and omissions of all Defendants,

in an amount that shall be proven at the time of trial. These damages include,

but are not limited to: damages for general pain and suffering; damages for

the loss of enjoyment of life, both past and future; medical and

medical-related expenses, both past and future; travel and travel-related

expenses, both past and future; emotional distress, both past and future;

pharmaceutical expenses, both past and future; and any and all other

ordinary, incidental, or consequential damages that would or could be

reasonably anticipated to arise under the circumstances.

## PRAYER FOR RELIEF

WHEREFORE, the Plaintiffs respectfully pray that the court award her

compensatory and restitutionary damages against Defendant Cornwall Lebanon

School District for, including, but not limited to, psychological treatment, lost

wages, loss of future earnings, loss of enjoyment of life, emotional pain and

suffering, interference with his civil rights, and reasonable attorneys' fees and costs

of suit. Furthermore, Plaintiffs seek any and all equitable relief,  together with any

and all remedies, that the Court deems just and appropriate.

## DEMAND FOR A JURY TRIAL

In accordance with Pennsylvania and Federal law, the Plaintiffs hereby

demand a trial by jury on all appropriate issues.

Respectfully submitted,

**MONTGOMERY LAW, LLC**
1420 Locust Street, Suite 420
Philadelphia, PA 19102
***Attorneys for Plaintiffs***

**By**_____
**Kyle Anthony Adams, Esq.**

Dated: December 20, 2024

IN THE UNITED STATES DISTRICT COURT,
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| Levaughn Westbrook, individually and as Parent and | : | |
| | : | |
| Natural Guardian of Minor, M.U. | : | |
| | : | |
| Plaintiffs, | : | Docket No. |
| | : | |
| Vs. | : | |
| | : | |
| Cornwall Lebanon School District, | : | |
| | : | |
| Defendant. | : | |
| | : | |
| | : | |

### **PLAINTIFFS' VERIFICATION**

I, Levaughn Westbrook, the named Plaintiff and parent and natural guardian of Plaintiff

M.U. in the above-captioned case, declare under the penalty of perjury, that the foregoing civil

complaint is true and correct.

_____
Levaughn Westbrook, Plaintiff

Executed on: December 20, 2024.